JACKSON v. JONES.

Opinion delivered April 11, 1910.

1. BILLS AND NOTES—TRANSFER—NOTICE OF FRAUD.—One who receives information, before his purchase of a note, of fraud practiced by the

payee is not an innocent purchaser, even though he was not informed of the circumstances under which the fraud was practiced. (Page 428.)

2. SAME—TRANSFER—NOTICE OF FRAUD.—In a suit upon a note to which the defense was interposed that it was procured by fraud, it is competent to prove that fraudulent misrepresentations were made by the payee and that notice of the fraud sufficient to put the holder of the note upon notice was communicated to the latter before he purchased the note. (Page 428.)

3. SAME—FRAUD—EVIDENCE.—Where, in a suit on a note, the defense was that there was fraud in the sale of the goods for which the note was given, it was competent to prove the fraud by showing statements made by the vendor to the vendee at the time of sale, though made in plaintiff's absence, if he had sufficient notice of such fraud to put him on notice before he purchased the note. (Page 429.)

Appeal from Sharp Circuit Court, Northern District; *John W. Meeks,* Judge; affirmed.

*Sam H. Davidson,* for appellant.

The production of the note and proof that the indorsement was made before maturity raised the presumption that plaintiff was a *bona fide* holder. 48 Ark. 454; 50 Ark. 289; 32 S. W. 357; Dan. Neg. Inst., § 814; 94 U. S. 753; 128 Ga. 504; 57 S. E. 869; 90 Pac. 1090; 97 S. W. 1232; 114 La. 883; 38 So. 594; 101 Minn. 30; 111 N. W. 730; 130 Wis. 326; 110 N. W. 192. Abstract instructions should not be given. 2 Ark. 360; 90 Ark. 78. Appellant is entitled to recover unless he participated in the fraudulent transfer of the instrument. 86 Ark. 191; 61 Ark. 81; Dan. Neg. Inst. 771-775; Tied. Com. Pap. 289. The fact the paper was purchased at a discount raises no presumption of bad faith. 67 Pac. 59; 14 Ohio St. 409; 11 Neb. 506.

McCULLOCH, C. J. Plaintiff Jackson sued defendants Jones and Wilson to recover on a negotiable promissory note executed by Jones as principal and Wilson as surety to one W. E. Smith, which note had been transferred before maturity by Smith to plaintiff. The defendants answered, setting forth facts sufficient to constitute a defense against Smith, the original payee, on account of alleged fraud and deceit in the sale of merchandise; and alleged further that plaintiff was not an innocent purchaser of the note for value, but purchased the note from Smith with notice of the facts constituting their defense. The circuit

court sustained a demurrer to certain paragraphs of the answer, and on appeal this court reversed the judgment and remanded the cause with directions to overrule the demurrer and proceed with the trial. *Jones* v. *Jackson,* 86 Ark. 191.

On the remand of the case, defendants filed an amended answer setting out more concisely the facts held by this court to constitute a defense. A trial before a jury resulted in a verdict in favor of the defendants. Plaintiff appealed.

The evidence was sufficient to warrant the verdict. Error of the trial court is assigned in the refusal to give the following instruction:

"1. You are instructed that the production of a note indorsed in blank, and proof that the indorsement was made before maturity of the note, raises the presumption that the holder of the note paid value for it, that he is an honest holder, and acquired the note in due course of business; and if you find from the evidence in this case that the plaintiff has produced in evidence the note sued on, that it is indorsed in blank, and that such indorsement was made before the note was due, you should find for the plaintiff in a sum equal to the principal and the interest on said note, unless you further find by a preponderance of the evidence that the note from its inception was so infected with fraud, false pretense or intimidation perpetrated upon defendant Jones, by Smith, the payee, as to destroy the title of Smith, and that Jackson was informed before he purchased the note that it was fraudulently obtained, was without consideration, was warned not to trade for it, and of the circumstances and fraud practiced by Smith in obtaining the note, and also that Jones would not pay it."

This instruction was inaccurate in stating that fraud on the part of the payee in obtaining the note would not be a defense against a purchaser for value unless the latter was informed *of the circumstances* and fraud practiced by the payee. If he received information before his purchase of fraud practiced by the payee, he was not an innocent holder, even though he was not informed of the circumstances under which the fraud was practiced. Notice that fraud had been perpetrated was sufficient to put him on notice as to the circumstances, and he purchased at his peril. However, the court gave other instruc-

tions which fully covered the subject-matter of the refused one; so there was no error in refusing it, even if it be treated as correct.

It is contended that the following instruction is erroneous, and should not have been given: "1. You are instructed that one who purchases a bill or note from the payee, with knowledge of circumstances amounting to a valid defense, stands in precisely the same position of the payee, and in such a case the defendant is entitled to all the defense he would have as against the original holder of the note." The contention is that the instruction is abstract because there was no evidence that plaintiff was informed of the *circumstances* amounting to a valid defense. The defendants testified that they told plaintiff before he purchased the note that it had been procured by fraud, and that they would not pay it. This was sufficient to warrant the instruction. *Jones* v. *Jackson, supra;* Tiedeman on Commercial Paper, § 300; 1 Daniel on Negotiable Instruments (5th Ed.), § 799. Other instructions correctly stated what would constitute a valid defense against the payee or purchaser with notice.

The next assignment of error is the ruling of the court in refusing to withdraw from the consideration of the jury the testimony of defendant Jones as to certain statements made to him at the time of the sale of the goods and execution of the note by the payee Smith, and by one McNeil who was interested in the sale. These statements constituted the fraudulent misrepresentations and concealments which induced the execution of the note, and formed the basis of the defense against liability. They were made at the time of the sale and execution of the note, and constituted part of the transaction. It was necessary to prove them in order to establish a defense, and it was competent testimony for that purpose. It was not necessary that these statements should have been communicated to the plaintiff, for he had general notice of the fraud sufficient to put him upon inquiry. *Jones* v. *Jackson, supra.*

There are other assignments of error, not of sufficient importance to discuss. No error was committed, and the judgment is therefore affirmed.